[Civ. No. 30727. Fourth Dist., Div. Three. Oct. 31, 1984.]

COUNTY OF ORANGE, Plaintiff and Respondent, v.
ALLIED FIDELITY INSURANCE COMPANY et al., Defendants and
Appellants.

**COUNSEL**

Mazo, Crystal & Vidor and Paul M. Vidor for Defendants and Appellants.

Adrian Kuyper, County Counsel, and Stefen H. Weiss, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—Allied Fidelity Insurance Company and its agent, AA Bail Bonds, appeal from an order denying their motion to set aside a summary judgment entered on a forfeited bond (Pen. Code, §§ 1305, 1306).

Brenda Joyce Williams was charged with forgery (Pen. Code, § 470), and Allied posted a $15,000 bail bond on her behalf. She pleaded guilty, and sentencing was scheduled for August 6, 1982. Before that date, her attorney advised the court she was incarcerated in the Los Angeles County jail and would be unable to appear.

The court continued the sentencing hearing to August 16, 1982. But when Williams failed to appear on the 6th, another judge, although advised of the continuance, forfeited bail and issued and held a bench warrant. Four days later, the clerk mailed notice of the forfeiture to Allied and AA.

Williams appeared in court with counsel at the correct time on August 16th, and the judge who had previously continued the matter imposed a

prison sentence. At the close of the hearing, the court granted defense counsel's request to exonerate the bond. The judge failed to utter the words setting aside the forfeiture before exonerating the bond, however.

An Allied employee telephoned the superior court clerk on January 6, 1983, and confirmed Williams' bail had been exonerated on August 16, 1982. Accordingly, neither Allied nor AA moved to set aside the forfeiture. On March 24, 1983, the County of Orange obtained summary judgment on the bond forfeiture in an ex parte proceeding. Allied was subsequently served with notice of entry of summary judgment and demand for payment (Pen. Code, § 1306).

On April 21, 1983, Allied filed a motion to set aside the summary judgment and exonerate the bond. County counsel claimed the court lacked jurisdiction to set aside the forfeiture because it was entered more than 180 days earlier. ■ The motion was denied. Here, Allied contends (1) the court necessarily set aside the forfeiture when it exonerated the bail and (2) the county should be estopped since representations by the clerk's office were responsible for Allied's failure to go through the motions of having the forfeiture set aside. Since we will find that exoneration of bail is sufficient to imply its previous reinstatement, we do not reach the second argument.

The county counsel makes an apt, if surprising, concession: "it is logically impossible to exonerate a bond which has already been forfeited, without previously vacating the forfeiture." We agree. Here, the minute order and reporter's transcript clearly reflect bail was exonerated on the date Williams was sentenced and remanded to the custody of the sheriff. The failure of the court to incant the magic words to set aside the forfeiture, purely a ministerial act and one which was obviously intended, is simply meaningless under the circumstances.

For example, in *People v. Wilshire Ins. Co.* (1976) 61 Cal.App.3d 51 [132 Cal.Rptr. 19], the defendant failed to appear, and the court forfeited bail and mailed notice to the surety the same day. When the defendant returned to court the following day, bail was reinstated; and he was released on the same bond.

The Court of Appeal held a formal motion to set aside the forfeiture was not necessary under those facts: "Although the record is silent, *it must be presumed* that on July 18 the court discharged the forfeiture because defendant voluntarily appeared and made a satisfactory showing that his failure to appear in court the day before was excusable." (*Id.*, at p. 61, italics added.) The same is true here. Williams appeared as scheduled on August

16th. She had a satisfactory explanation for her earlier failure to appear, and bail was exonerated without objection from the deputy district attorney. Thus, we will presume the court discharged the forfeiture before exonerating the bond on the 16th, although the record here, as in *Wilshire,* is silent.

The Court of Appeal in *Wilshire* also recognized the trial court may set aside the forfeiture on its own motion, reinstate the bail, and release the defendant, all without notice to the surety. If the defendant then fails to appear, the surety is still at risk. This case mirrors *Wilshire,* reversing the image: Bail was forfeited when the defendant did not appear on August 6th (cf., Pen. Code, § 1305, subd. (b)). But she appeared as promised on the continued hearing date, and bail was appropriately exonerated after she was sentenced and remanded to the custody of the sheriff for transportation to state prison.

There could be no equity in permitting the county to recover on the bond. The county was entitled to Williams' person or the bond, not both. All the errors below, if any, were clerical and ministerial—and committed by county personnel who compounded the problem by misleading Allied as to the status of the bail. There is no profit in requiring a bonding company to investigate further than Allied did here, as a contrary holding would imply. The county's clerical staff is already harassed enough, and there is no reason to foster an increase in bail premiums in order that sureties can afford to maintain a daily vigil at the courthouse to monitor their risks.

The law disfavors the "harsh results of a forfeiture" in bond cases. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 220 [119 Cal.Rptr. 917]; see also *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) The result in this case was both needlessly harsh and legally erroneous.

Judgment reversed. Appellants are entitled to costs on appeal.

Wallin, Acting P. J., and Sonenshine, J., concurred.