[No. G006659. Fourth Dist., Div. Three. Oct. 31, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,
Defendant and Appellant.

### COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Adrian Kuyper, County Counsel, and Karyn J. Driessen, Deputy County Counsel, for Plaintiff and Respondent.

### OPINION

**SCOVILLE, P. J.**—American Bankers Insurance Company of Florida (America), for itself and its agents, appeals from an order denying its motion to set aside summary judgment and to exonerate its bail bond.[1]

Richard Powe, defendant in this matter, was released on a $4,000 bail bond posted by American and Albert Ramirez Bail Bonds. Powe pleaded guilty and a probation and sentencing hearing was set for June 24, 1987. Powe failed to appear on June 24. The minute order for that day reflects that a bench warrant was issued for Powe and held until June 25, 1987. The sentencing hearing was "trailed" to the same day. On June 25, Powe again failed to appear. The minute order states, "Csl. for defendant, Jerome Goldfein, conferred with Court in chambers re: continuance." The sentencing hearing was continued to July 9, 1987, and the minute order reflects, "Bench warrant hold to remain." On July 9, 1987, when Powe again did not appear, the court ordered bail forfeited. Notice of forfeiture of bail bond was sent to American and Albert Ramirez Bail Bonds.

On January 15, 1988, summary judgment pursuant to Penal Code section 1306 was entered in favor of the County of Orange (County). On January 28, 1988, American filed a motion to vacate the summary judgment and to exonerate the bond which was denied by the trial court.

 American contends the trial court's failure to declare the bond forfeited on June 24, 1987, the first day Powe failed to appear for his

---

[1] American also purports to appeal from the summary judgment entered January 15, 1988. The notice of appeal filed April 12, 1988, was untimely as to that proceeding; however, "[t]he order refusing to vacate the summary judgment is independently appealable. [Citation.]" (*People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 259 [125 Cal.Rptr. 529].)

probation and sentencing hearing, deprived the court of jurisdiction over the bond because there is no showing on the record that the trial court had "reason to believe that sufficient excuse may [have existed] for [Powe's] neglect to appear . . . ." (Pen. Code, § 1305, subd. (b).) We agree and reverse the trial court's order denying American's motion to vacate the summary judgment and exonerate the bond.

■ In the normal course of events, where a bailed defendant fails to appear for a scheduled court hearing without sufficient excuse, the trial court is required to enter the nonappearance in the minutes of the court and immediately forfeit the bail with notice to the surety and its agent. (Pen. Code, § 1305, subd. (a); *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385].)

Penal Code section 1305, subdivision (b), allows one exception to the general rule where "the court has reason to believe that sufficient excuse may exist for [defendant's] neglect to appear . . . , the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

■ In the case before us there is no indication on the record that on June 24, 1987, the trial court "had reason to believe that sufficient excuse may exist" for Powe's failure to appear. Under these circumstances, American contends, the trial court had no jurisdiction to grant a continuance and should have declared a forfeiture. County argues there is no requirement the record must reflect the trial court's exercise of its discretion to grant a continuance under Penal Code section 1305, subdivision (b) and since the record does not affirmatively indicate the trial court abused its discretion when it granted the continuance on June 24, we must presume the trial court properly exercised its discretion.

■ The County relies on *People v. Wilshire Ins. Co., supra,* 53 Cal.App.3d 256, which seems to support the County's position in part. In that case, a bailed defendant did not appear on a designated date set for plea negotiations but his counsel did. The reporter's transcript of proceedings on that day reflected defense counsel's statement that his client " '. . . was arrested after bailing out on this particular offense.' . . . ." Counsel requested a continuance and stated " ' . . . I'll attempt to have him here at that time.' " (*Id.* at p. 258.) When the defendant failed to appear on the continued date, the court declared the bail forfeited. The surety challenged the court's jurisdiction to continue the matter in the first instance. The court, referring to the then recent addition of subdivision (b) to Penal Code section 1305, stated: "By its terms, the amendment allows the court to continue the hearing without declaring a forfeiture if it 'has reason to

believe that sufficient excuse *may* exist for his neglect to appear. . . .' It does *not* require the court to make an immediate determination as to whether sufficient excuse exists. This specific authorization to continue the hearing reflects a vital change from the pre-existing law which the Supreme Court interpreted in *United Bonding*. By conspicuously deleting from subdivision (b) the express provisions retained in subdivision (a) to the effect that 'the court shall direct the fact [of failure to appear] to be entered upon its minutes, . . . .' the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a forfeiture at a later time. [¶] The only condition for the continuance under subdivision (b) is that the court have 'reason to believe that sufficient excuse may exist for [defendant's] neglect to appear or surrender himself.' The trial court had the duty to determine the existence or nonexistence of the condition; defense counsel's statement to the court was sufficient to support the implied finding that the condition existed (see *People* v. *Lawler* (1973) 9 Cal.3d 156, 160 . . ., and it is presumed that the court's duty was regularly performed. (Evid. Code, § 664; *In re Johnson* (1965) 62 Cal.2d 325, 330 . . . .)" (*People* v. *Wilshire Ins. Co., supra,* 53 Cal.App.3d at p. 261, italics in original.)

The County points to the court's language in *People* v. *Wilshire Ins. Co.* indicating no specific minute order is required and argues where the record is silent we must presume the court's duty has been regularly performed. We disagree. We note first that the court in *People* v. *Wilshire Ins. Co.* stated the trial court had a duty to determine whether there was reason to believe that a sufficient excuse existed for the defendant's nonappearance. In addition, the court found evidentiary support for "the implied finding that the condition existed" in defense counsel's statement to the court indicating defendant had been arrested after his release on bail. (*Id.* at p. 261; *People* v. *Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 201 [127 Cal.Rptr. 451] [same result where defense counsel told court defendant was seeking medical treatment due to severe internal bleeding].)

In *People* v. *Surety Ins. Co.* (1984) 160 Cal.App.3d 963 [206 Cal.Rptr. 836], when the bailed defendant failed to appear the trial court issued a bench warrant. Defense counsel stated: " 'If the Court would hold that, say, until Monday, I will endeavor to have him brought in.' " (*Id.* at p. 965.) The court stated it would hold the bench warrant. The minute order for that day indicated, " 'defendant fails to appear *without sufficient excuse.* B.W. [bench warrant] ordered issued and held until May 6, 1981.' " (*Ibid.,* court's italics.) When the defendant failed to appear on May 26 the court ordered the bail bond forfeited. The appellate court noted that defense counsel did not make any statement indicating he knew of any facts that would excuse

defendant's failure to appear. The court held, "The absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed for defendant's failure to appear or surrender himself. Accordingly, the trial court did not retain jurisdiction to declare a forfeiture." (*Id.* at p. 969.)

In *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22 [211 Cal.Rptr. 204], a bailed defendant failed to appear for sentencing. Her attorney also failed to appear, but the attorney's secretary sent a letter indicating the attorney's father had passed away. The trial court stated on the record " '[The] letter indicates that Mr. Collins' father died and that Mr. Collins would be out of town and asked this matter be continued to July 15th, *but there's no reason I'm aware of why the Defendant should not be here to hear whatever action the Court desired to take.*' " (*Id.* at p. 25, italics in original.) The court ordered a bench warrant issued and held and continued the matter to July 14. On that date defense counsel appeared and represented to the court that defendant was unable to appear because of a medical emergency involving her child. The trial court again continued the matter to July 22. When defendant failed to appear on that date, the trial court ordered the bail forfeited.

The appellate court held the trial court should have declared the bail forfeited on the first occasion defendant failed to appear without an excuse. The court noted the statement of the Supreme Court in *People v. United Bonding Ins. Co., supra,* 5 Cal.3d at page 906, that there must be " 'some rational basis' for belief at the time of defendant's nonappearance that sufficient excuse may exist. [Citation.]" (*People v. Surety Ins. Co., supra,* 165 Cal.App.3d at p. 27.) The court concluded the Supreme Court's reasoning was equally applicable under the 1969 addition of subdivision (b) to Penal Code section 1305 because "it would be impossible for a trial court, in the exercise of sound judicial discretion, to have 'reason to believe that sufficient excuse may exist' for a nonappearance if there were not some basis in *fact* for such a conclusion." (*Ibid.,* italics in original.) The court emphasized, "The test is not mere *possibility* of sufficient excuse, but some rational basis for belief of sufficient excuse." (*Id.* at p. 28.) In short, the court concluded where there is no indication on the record that either the defendant or defense counsel presented any information to the court which could be said to constitute a sufficient excuse for the defendant's nonappearance the trial

court is without sufficient basis to entertain a reasonable belief the defendant's nonappearance may have been with sufficient excuse.[2]

■■■ This reasoning is applicable here. There is nothing on the record which would support a determination by the trial court that it "has reason to believe that sufficient excuse may exist for [defendant's] neglect to appear. . . ." (Pen. Code, § 1305, subd. (b).)

County contends, however, that because this is a judgment roll appeal there is a conclusive presumption evidence exists which supports the trial court's action. County relies on the rule as stated in *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162]. When an appeal is on the judgment roll, error must be affirmatively shown by the record. " '[T]he validity of the judgment on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment . . . and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it [citation].' " (*Id.* at p. 514.)

Strict application of that rule in bail forfeiture proceedings would work an unconscionable hardship on sureties. A surety is not informed when defendant will fail to appear for a scheduled hearing. As a result, the surety is not in a position to guard the record when a case is ordered continued and bail is not forfeited despite the nonappearance of the defendant. As was stated in *County of Orange* v. *Allied Fidelity Ins. Co.* (1984) 161 Cal.App.3d 510, 513 [207 Cal.Rptr. 506], sureties cannot "afford to maintain a daily vigil at the courthouse to monitor their risks."

Here the form minute order contained a line to be used by the trial court when a case is continued without forfeiture of bail pursuant to Penal Code section 1305, subdivision (b). The line reads: "Forf. Deferred Due to Court Finding Purs. 1305(B) P.C.( ) ⎯⎯⎯⎯⎯⎯ " The trial court did not check that line on June 24. The minute order for June 24 indicates no reporter was present, and neither American nor its agent, Ramirez Bail Bonds, was present to request the proceedings be reported. In addition, American attached a declaration of defense counsel, offered when he sought relief from his obligations as counsel for Powe, which indicates counsel lost contact with Powe and did not know where he was.

---

[2] In *People* v. *Surety Ins. Co., supra,* 165 Cal.App.3d 22, 29, the court distinguished the very cases county relies on here because in those cases defense counsel presented the trial court with information indicating a possible excuse for defendant's nonappearance. (See *People* v. *Wilshire Ins. Co., supra,* 53 Cal.App.3d 256; *People* v. *Surety Ins. Co., supra,* 55 Cal.App.3d 197.)

The record presented by American is probably as much record as could be presented on this point and it affirmatively shows error—that is on June 24, 1987, the trial court was presented with no facts showing any basis for a conclusion there might have been a sufficient excuse for Powe's absence.

As was said by the court in *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 907, "Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed."

The order is reversed.

Wallin, J., and Sonenshine, J., concurred.