Filed 1/6/14  Cruz v. Bank of America CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MICHAEL S. CRUZ et al.,<br><br>  Plaintiffs and Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>  Defendants and Respondents. | 2d Civil No. B247763<br>(Super. Ct. No. CV110315)<br>(San Luis Obispo County) |

Michael S. Cruz and Rebecca J. Cruz appeal from an order enforcing a mediation settlement agreement to dismiss their fraud action against Bank of America, N.A., Bank of American Home Loans, BAC Home Loans Servicing, L.P., Reconstruct Company, N.A., Alternative Loan Trust 2005-J11 (erroneously sued as C. Walt, Inc.), and Bank of New York Mellon.  (Code Civ. Proc., § 664.6.)  Appellants contend that the trial court erred in not rescinding the settlement agreement based on fraud, mistake, or public policy grounds.  We affirm.

On May 23, 2011, appellants sued respondents for contract and fraud damages after defaulting on a $486,000 deed of trust.  The complaint alleged that Bank of America, N.A. (BoA) breached its agreement to suspend the foreclosure sale, accepted mortgage payments, and fraudulently represented that appellants' home loan would be modified.  Appellants claimed the foreclosure was based on a "securitized" promissory

note and that respondents "no longer hold legal title to the securitized property" and were conducting a fraudulent foreclosure.

On April 19, 2012, the parties entered into a mediated settlement agreement providing that appellants would be paid $10,000 and could remain on the property until August 31, 2012, at which time it would be sold at a trustee's sale. Pursuant to the settlement agreement, the trial court dismissed the action on June 7, 2012, and retained jurisdiction to enforce the settlement terms. (Code Civ. Proc., § 664.6.)

On December 27, 2012, respondents filed a motion to enforce the settlement agreement after appellants refused to vacate the property. Appellants filed a cross motion to set aside the settlement agreement on the ground that the mediator and their attorney told them that the trial court had already decided the case against them.[1] Appellants also claimed that respondents breached a duty to advise them that a mortgage modification fraud action (the *Mackler Qui tam* action) was pending against BoA in New York.

The trial court ruled that statements made during mediation are inadmissible. (Evid. Code, § 1119, subd. (a) *Eisendrath v. Superior Court* (2003) 109 Cal.App.4th 351, 358.) It denied the motion to set aside the settlement agreement and granted respondents' motion to enforce the settlement agreement. Appellants were ordered to vacate the premises on or before February 28, 2013.

*Discussion*

We review for substantial evidence. (*Chan v. Lund* (2010) 188 Cal.App.4th 1159, 1166.) As in any substantial evidence case, the order is presumed correct and all intendments and presumptions are indulged to support the judgment on matters on which the record is silent. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

---

[1] The trial court, not knowing that the case was settled, posted an April 25, 2012 tentative ruling granting respondents' motion for judgment on the pleadings.

2

There is no reporter's transcript and the clerk's transcript contains none of the evidence submitted by respondents in support of the motion to enforce the settlement agreement or in opposition to appellants' motion to set aside the settlement. The record on appeal includes an unsigned declaration, appellants' letter to the court, and unauthenticated correspondence with BAC Home Loan Services. Because the appeal is tantamount to an appeal from a judgment roll, it is presumed that ample evidence was presented to support the trial court's order. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal § 359, pp. 414-415; *People v. American Bankers Ins. Co.,* (1989) 215 Cal.App.3d 1363, 1369.) The trial court correctly found that anything said for the purpose of, in the course of, or pursuant to the medication was inadmissible. (Evid. Code, § 1119, subd. (a); *Foxgate Homeowners' Ass'n, Inc. v. Bramalea California, Inc.* (2001) 26 Cal.4th 1, 17-18; *Eisendrath v. Superior Court, supra,* 109 Cal.App.4th at p. 358.) Likewise, writings prepared for the purpose of, in the course of, or pursuant to a mediation are in admissible. (Evid. Code, § 1119, subd. (b); 1126; Knight, et al., Cal Practice Guide, Alternative Dispute Resolution (The Rutter Group2012) [¶] 3:100.2, pp. 32-214.12 to 3-24.13; *Rojas v. Superior Court* (*Coffin*) (2004) 33 Cal.4th 407, 416.)

The argument that respondents failed to disclose the New York *Qui tam* action is without merit. Pursuant to Evidence Code section 1119 anything said during mediation is inadmissible and undiscoverable. (*Foxgate Homeowners' Assn., Inc. v. Bramalea California, Inc., supra,* 26 Cal.4th at pp. 17-18.) The corollary to that rule is that evidence of what was not said is inadmissible. Appellants fault everyone, even their own attorney for what occurred but they did agree to dismiss the action and were paid $10,000 to move out before September1, 2012, at which time the property would be sold. Discussions appellants may have had with their own attorney are inadmissible in a malpractice action, "even if those discussions occurred in private,, away from any other mediation participation." (*Cassel v. Superior Court* (2011) 51 Cal.4th 113, 123.)

Appellants assert that they recently discovered a pending multidistrict case in Massachusetts that would be a more favorable forum. At oral argument appellants requested that this court "rescind" the settlement agreement, vacate the judgment of

3

dismissal, and turn back the clock so that appellants can seek relief in Massachusetts. This, however, is an appeal from a judgment roll. Appellants had their mediation, settled the matter, and had their day in court. There is no evidence of fraud or public policy grounds for setting aside the mediation settlement agreement or judgment.

The judgment is affirmed. Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo

_____

Joseph C. Bird, Maheny & Hertel and David L. Hagan, for Appellants.

Jan T. Chilton, John D. Ives; Navdeep K. Singh; Severson &Wersdon, A Professional Corporation, for Respondents.