Filed 6/13/14  P. v. Seneca Ins. Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SENECA INSURANCE COMPANY,<br><br>    Defendant and Respondent. | D064079<br><br><br>(Super. Ct. No. SCD233620) |


APPEAL from an order of the Superior Court of San Diego County, David M. Szumowski, Judge.  Reversed.


Thomas E. Montgomery, County Counsel and Thomas Deak, Senior Deputy County Counsel for Plaintiff and Appellant.

E. Alan Nunez for Defendant and Respondent.


The People appeal the trial court's order granting a motion to vacate a bail bond forfeiture and exonerate the bail.  The People contend the court erred in concluding the

defendant, Jerome Davis, was not present at a scheduled readiness conference hearing. Respondent Seneca Insurance Company (Seneca), the bonding company, counters that the trial court did not timely declare the bail forfeiture on that hearing date; therefore, it lost jurisdiction over the matter and the bail was exonerated by operation of law. (Pen. Code, § 1305.) We reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 2011, Seneca posted a $25,000 bail bond for Davis's release. On July 19, 2011, the court ordered Davis to appear at a September 27, 2011 readiness conference hearing.

The court's September 27, 2011 standard minute order form leaves blank all the boxes provided for the clerk to record whether a defendant is present or absent from that day's hearing. However, at the bottom of the minute order, there are markings indicating that the minute order was distributed to the defendant and attorney. On that day, Judge Charles R. Gill continued the readiness conference to October 18, 2011.

When Davis failed to appear at a March 9, 2012 hearing, Judge Gail E. Kaneshiro declared the bond forfeited that day and issued a bench warrant for Davis's arrest. On September 19, 2012, the parties stipulated to extend Davis's bail bond for a 180-day period ending March 13, 2013.

On March 12, 2013, Seneca moved to vacate the forfeiture and exonerate the bond, arguing that the trial court had lost jurisdiction to rule on that matter because it had failed to declare the bond forfeited at the September 2011 readiness conference hearing. On April 11, 2013, Judge David M. Szumowski granted the motion, ruling, "I can't tell

2

from this docket whether the defendant was present or not present [for the readiness conference on September 27, 2011].  I note for the record, though, that if he was not present, the bond was not forfeited.  [¶]  I'm going to rule in favor of the moving party in this case.  Set aside the forfeiture and exonerate the bond."

DISCUSSION

The People contend the record does not affirmatively indicate that Davis was absent from the September 27, 2011 hearing.  They point out the record instead shows the court clerk did not mark a box indicating he was present, but the minute order does note the court clerk distributed a copy of the minute order to the defendant and attorney, thus indicating that they were present at the hearing.  The People argue we must presume that Judge Gill regularly performed his official duties and acted in lawful exercise of the court's jurisdiction.  (Evid. Code, §§ 664, 666.)

Our review of a trial court's interpretation of Penal Code section 1305 to a set of undisputed facts is de novo.  (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543 (*Fairmount Specialty*).)  Penal Code section 1305, subdivision (a) states that "[a] court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear."  "Absent an order or other actual notification from the court that [the defendant's] appearance was required at a given date and time, the failure of [defendant] to appear cannot be grounds for forfeiture of bail under [Penal Code] section 1305."  (*People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 346.)  " ' "The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail.  [Citations.]  Thus, Penal Code sections . . . dealing with

3

forfeiture of bail bonds must be strictly construed in favor of the surety." ' " (*Fairmont Specialty*, at p. 543, quoting *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.) As the party seeking to set aside the forfeiture, Seneca has the burden to "establish by competent evidence that its case falls within the four corners of these statutory requirements." (*People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 354.)

Here, there are various indicia that Davis was present at the September 27, 2011 trial readiness hearing: The minute order itself indicates that it was distributed to the defendant and attorney; Judge Gill did not declare the bond forfeited due to Davis's nonappearance; and, he did not order Davis arrested for nonappearance. Although the court clerk did not check the box specifically indicating Davis was present, we presume that he was present, and that Judge Gill acted accordingly. "[S]ome events that occur in open court simply are not recorded by a reporter or memorialized by a court clerk." (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 709.) Seneca has therefore failed to meet its burden of showing that Davis failed to appear, and that the court erred in not declaring the bond forfeited at the September 27, 2011 readiness hearing.

Seneca's contrary contention that the trial court lost jurisdiction to declare a forfeiture of Davis's bail by failing to do so on September 27, 2011, relies on inapplicable cases in which courts presumed a defendant's nonappearance in the face of a silent record. (See *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 ["Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court

4

to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed.  An excused nonappearance, accordingly, should be expressly reflected in the minutes."]; see also *People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1370 [record failed to show court expressly excused defendant's nonappearance; failure to declare bail forfeited at this initial nonappearance foreclosed right to do so at later date].)

DISPOSITION

The order is reversed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

6