Filed 4/22/15  County of Los Angeles v. Financial Casualty & Surety CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FINANCIAL CASUALTY & SURETY INC.,<br><br>Defendant and Appellant. | B251653<br><br>(Los Angeles County<br>Super. Ct. No. SJ003867) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham and Lia Martin, Judges.  Affirmed.

John M. Rorabaugh and E. Alan Nunez for Defendant and Appellant.

Richard D. Weiss, Acting County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Lindsay Yoshiyama, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Financial Casualty & Surety, Inc. (Financial) appeals from a summary judgment on a forfeited bail bond, entered after the trial court denied its motion to vacate forfeiture and exonerate the bond.  Financial contends the court lacked jurisdiction over the bond when it failed to declare a forfeiture on the defendant's first nonappearance.  Instead, the court granted the defendant a continuance to a later date, and declared a forfeiture when he failed to appear on that date.  Financial contends the court abused its discretion in granting the continuance and, in any event, the court lacked jurisdiction to declare a forfeiture on the later date when it failed to expressly order the defendant to appear on that date.  For the reasons set forth below, we affirm.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 20, 2011, a complaint was filed, charging defendant Yinusa Obtula Kazeem with burglary, grand theft, and multiple counts of forgery.  Financial posted a $50,000 bail bond for Kazeem.  On January 31, 2012, the case was called for a preliminary hearing.  Kazeem and his counsel, Jerome A. Kaplan, were present.  On motion of the defense, the hearing was continued to February 29, 2012.

On February 29, neither Kazeem nor Kaplan was present when the case was called.  Accordingly, the trial court ordered a bench warrant issued and the bail bond forfeited.  Kaplan appeared later that morning, and the following colloquy occurred:

"THE COURT:  Is your client here?

2

"MR. KAPLAN:  No.  I filed a [motion for a continuance under Penal Code section] 1050.[1]  You didn't get it?

"THE COURT:  I didn't get it.  But if the People got it, that's the main thing.

"MR. KAPLAN:  I filed it yesterday.  My client's father was killed in the bombing -- I have it here if you want to read it -- in Nigeria.  And his mother was --  . . .

"THE COURT:  The bench warrant will be held until -- how much time does your client need?

"MR. KAPLAN:  I'd ask for a few weeks your Honor.  I'm not asking for a lot.  I will give you the [section] 1050 [motion].  I have the [news] article and all that.  [¶]  They called me, and they were crying, and I didn't know what to tell them.

"THE COURT:  Of course.  [¶]  The bail forfeiture is set aside and . . .

"MR. KAPLAN:  I was trying to get here from downtown, but there's an accident on the 10 [freeway].

"THE COURT:  No problem.  Nunc pro tunc.

"MR. KAPLAN:  Anything but March 8.  I can't do March 8 . . .

"THE COURT:  We'll put it a little farther.  [¶]  When your client returns, would it be a setting or do you want a preliminary hearing on that date?

---

1   All further statutory citations are to the Penal Code.  Penal Code section 1050 details the procedural and substantive requirements for a continuance.  Specifically, section 1050, subdivision (b) requires a noticed motion with affidavits or declarations detailing the specific facts showing that a continuance is necessary.

"MR. KAPLAN: I think we could probably dispose of the case. I would like to set it.

[¶] . . . [¶]

"MR. KAPLAN: How about March -- I see that March 26 is open. How about that? . . . .

"THE COURT: . . . The 26th for setting?

"MR. KAPLAN: Right. Yes.

"THE COURT: And then is that good for the People? . . .

"MR. BROWN: That's fine.

"MR. KAPLAN: Thank you very much, your Honor.

"THE COURT: So, it's a bench warrant hold. As a practical matter, it's a setting."

When asked where the defendant was located, defense counsel indicated that he was with his mother and family in Maryland, and that counsel doubted he could travel to Nigeria because the court had his "travel document." The court's minutes reflect that the bench warrant was recalled and held to March 26, 2012.[2]

On March 26, 2012, Kaplan appeared without his client. He informed the court that he had had no contact with Kazeem. The court ordered bail forfeited, and a bench warrant issued. On March 27, the clerk of the court mailed a notice of forfeiture to the bail agent and appellant. On October 10, the court heard and granted appellant's motion to extend time on bail forfeiture until March 27, 2013.

---

[2] The minutes also show that the court ordered the defendant to appear on the next court date, March 26, though no such oral pronouncement appears in the reporter's transcript. This is not surprising, as the defendant was not before the court.

4

On March 26, 2013, appellant filed its motion to vacate forfeiture and exonerate bail. In its motion, appellant argued that the trial court lost jurisdiction over the bail bond when it failed to declare a forfeiture on February 29, 2012 -- the date Kazeem failed to appear for the rescheduled preliminary hearing. Appellant contended the trial court should have declared a forfeiture of the bail bond then, as "no excuse for the defendant's failure to appear [was] reflected in the minutes." In a supplemental memorandum, appellant also argued that the court lacked jurisdiction to declare the bail forfeited on March 26, 2012, because the defendant had not been ordered to appear on that date.

On August 6, 2013, the trial court denied appellant's motion to vacate the bond forfeiture and exonerate the bond. A clerk's notice of entry of summary judgment on forfeited bond and demand for payment was filed and entered August 9, 2013. Appellant filed a timely appeal from the judgment and the order denying its motion to vacate forfeiture.

## DISCUSSION

Section 1305 provides, in relevant part, that the trial court "shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] . . . [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (§ 1305, subd. (a).) Thus, under section 1305, the court must immediately declare a bail bond forfeited upon a defendant's first unexcused nonappearance. "Failure to follow the jurisdictional prescriptions in section[] 1305 . . . renders a summary judgment on the bail bond void. [Citations.]" (*County of Los Angeles v. Ranger*

5

*Ins. Co.* (1999) 70 Cal.App.4th 10, 16; accord, *People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805.

However, a trial court need not immediately declare a bail forfeiture if the court believes there is sufficient excuse for the defendant's nonappearance. Section 1305.1 provides: "If the defendant fails to appear . . . upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued." Thus, under section 1305.1, the trial court may continue a hearing and still retain jurisdiction to declare a forfeiture at a later time, so long as it has reason to believe that sufficient excuse exists for the nonappearance. (*People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1367; accord, *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 951-952.)

"Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis. The determination whether an excuse is sufficient is a matter within the trial court's discretion." (*People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 952, fns. omitted.) In most cases, the only evidence before the trial court is the evidence or representations furnished by defense counsel. "The cases demonstrate that the courts have cooperated with defense counsels' requests [for a continuance under section 1305.1] and have liberally relied on their representations." (*People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 306.)

Here, defense counsel represented that the defendant's father had been killed in a bombing in Nigeria, that the defendant was with his mother and family in Maryland, and that he needed a few weeks' continuance. These representations were sufficient for the trial court to grant a continuance under section 1305.1. (See *People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 20 [court had reason to believe sufficient excuse existed for defendant's nonappearance where counsel represented that he wished to be with his terminally ill mother]; cf. *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at pp. 949 & 953 [sufficient excuse where counsel sought a continuance to the next day and noted that defendant had never failed to appear in any prior proceeding over past several months]; *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 925-926 [sufficient excuse where counsel represented that defendant's absence might be due to an emergency, and that he might be available the next morning]; *People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 199, 201 [sufficient excuse where counsel represented that defendant had sought medical treatment for internal bleeding]; *People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258-261 [sufficient excuse where counsel represented that defendant was then appearing in another criminal matter in another jurisdiction]; *People v. National Automobile & Cas. Ins. Co.*, *supra*, 75 Cal.App.3d at pp. 304, 306 [sufficient excuse where counsel represented that defendant's mother had advised him that defendant had been in an automobile accident].)

The cases relied on by appellant are inapposite. *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, *People v. Surety Ins. Co.* (1984) 160 Cal.App.3d 963, and *People v. American Bankers Ins. Co.*, *supra*, 215 Cal.App.3d 1363, involved cases where no excuse was provided for the defendant's nonappearance. (See *People v. United Bonding Ins. Co.*, *supra*, 5 Cal.3d at pp. 902-903 [defense counsel

stated he knew of no reason why defendant was not present, and court waited four months to forfeit bond for first nonappearance]; *People v. Surety Ins. Co.*, *supra*, at p. 969 [defense counsel represented he would "'endeavor to have [his client] brought in,'" but provided no reason for nonappearance]; *People v. American Bankers Ins. Co.*, *supra*, 215 Cal.App.3d 1363, 1367 [record was silent as to any representation by counsel].)  In contrast, here, defense counsel provided a reason for the defendant's nonappearance.

*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, is similarly distinguishable, as there, the trial court expressly found there was "no reason I'm aware of why the [d]efendant should not be here. . . ." (*Id.* at p. 28.)  In contrast, here, the trial court found there was sufficient excuse for the defendant's failure to appear.  We discern no abuse of discretion in the trial court's grant of a continuance pursuant to section 1305.1.[3]

Because the trial court continued the preliminary setting to March 26, 2012, it retained jurisdiction to declare a forfeiture at that time.  (*People v. American Bankers Ins. Co.*, *supra*, 215 Cal.App.3d at p. 1367; *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at pp. 951-952.)  Appellant contends, however, that the court lacked jurisdiction to forfeit the bail bond on March 26, because it did not specifically order the defendant to appear on that date.  (See *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 346 ["Absent an order or other actual notification from the court that [the defendant's] appearance was required at a given date and time, the failure of [the defendant] to appear cannot be grounds for

---

[3]    At oral argument, appellant's counsel for the first time urged this court to adopt a "bright-line rule," requiring forfeiture any time the justification for a defendant's absence revealed that the defendant was out of the jurisdiction. Neither section 1305.1 nor the cases interpreting it have imposed such a requirement, and we decline to do so.

forfeiture of bail under section 1305"]; but see *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 122 [declining to hold that "'before a court can forfeit bail a defendant's appearance must [always] be required by a specific court order commanding his appearance at a date and time certain'"].)

Appellant's argument ignores the plain language of section 1305.1, which makes clear that once a court has found grounds to continue a hearing at which the defendant failed to appear, no new order compelling the defendant's appearance on the continued date is required: "If, after the court has made *the order*, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail *shall be forfeited. . . .*" (§ 1305.1, italics added.) Thus, no new order is required by statute and none was necessary here, as appellant continued to be under the obligation of the original order compelling his appearance. The trial court's continuance order merely held the original order in abeyance until the next court date, of which defense counsel was advised.[4] Accordingly, when appellant failed to appear on the continuance date, the bail was properly forfeited pursuant to section 1305.1. In short, we find no error in the trial court's order denying appellant's motion to vacate forfeiture and exonerate the bond, and the entry of summary judgment on the bond was therefore proper.

---

[4] Appellant concedes that where the court has ordered a continuance under section 1305.1, the defendant need not have actual notice of the continuance date. Given this concession, it is difficult to fathom why an order would be necessary, especially as the defendant, by definition, is not present in court when the matter is continued due to his absence.

9

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

10