[No. B154010. Second Dist., Div. Seven. May 19, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

[No. B160168. Second Dist., Div. Seven. May 19, 2003.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent. v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Steve Cooley, District Attorney, Brent Riggs and Juliet Schmidt, Deputy District Attorneys for Plaintiff and Respondent in No. B154010.

Lloyd W. Pellman, County Counsel, Gary N. Miller, Acting Assistant County Counsel, and Syna N. Dennis, Deputy County Counsel, for Plaintiff and Respondent in No. B160168.

**OPINION**

**JOHNSON, J.**—A surety appeals from an order denying its motion to vacate a bail forfeiture and to exonerate a bond. The surety separately appeals from a summary judgment entered against it on the forfeited bond. The surety argues the court lost jurisdiction to declare the bond forfeited because it failed to do so on the defendant's initial nonappearance. The record reflects the trial court had a rational basis for believing there may have been an excuse for the defendant's failure to appear sufficient to warrant continuing the case until the next day without declaring a forfeiture of the bond. Accordingly, we conclude the trial court retained jurisdiction to later declare the bail forfeited when the defendant failed to appear on the continued date. We thus affirm.

## FACTS AND PROCEEDINGS BELOW

On June 7, 2000, appellant, Ranger Insurance Company (Ranger) posted a bail bond in the amount of $500,000 through its agent for the release of defendant Jason A. Okezie from custody.[1]

At the initial date set for arraignment the defendant appeared and requested a continuance to retain private counsel. The trial court granted his request and reset his arraignment for September 18, 2000. On September 18, 2000, the defendant appeared with private counsel for arraignment, pled not guilty to the charges, and denied the special allegations. The court set a pretrial conference date of October 10, 2000.

The defendant appeared at the pretrial conference. At its conclusion the court ordered him to appear on November 15, 2000, the date set to hear his motion to dismiss under section 995.

The defendant appeared as ordered on November 15, 2000. The court apparently continued the hearing on his section 995 motion, set another pretrial conference date of December 11, 2000, and ordered the defendant to appear. The defendant appeared in court on December 11, 2000. The court continued the hearing on his motion to dismiss to December 14, 2000, and ordered the defendant to appear on that date. The defendant appeared on the continued date and the court heard and denied his motion to dismiss. Thereafter, the court set a trial date of February 20, 2001, and ordered the defendant to appear.

On February 20, 2001, the court trailed the case to February 22, 2001. On February 22, 2001, defense counsel requested a continuance because of a family emergency. On both occasions the defendant was present in court as ordered. The court granted the requested continuance, set a trial date of April 16, 2001, and ordered the defendant to appear.

On April 16, 2001, the defendant was not present when the court called his case. The court and counsel had the following discussion:

"THE COURT: All right. In Jason Okezie, LA035868, Mr. Davis is here on behalf of defendant who is not here, apparently.

"MR. DAVIS: That's correct. And I've raised that poignantly with the court because he has never failed to appear in any proceeding ever. He is

---

[1]Jason A. Okezie had been charged with one count each of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)), making a terrorist threat (Pen. Code, § 422) and false imprisonment (Pen. Code, § 236). All further statutory references are to the Penal Code.

usually here early. All I'm asking is that if you issue a bench warrant give me half a day. I can tell you that I tried calling every number I know.

"THE COURT: Sure. Absolutely.

"MR. DAVIS: I'm concerned something has happened.

"THE COURT: No problem. What would you like me to do?

"MR. DAVIS: What's the longest you can give me? I have 3 other appearances this morning.

"THE COURT: Can you come back tomorrow?

"MR. DAVIS: Sure.

"THE COURT: Okay. We'll just issue and hold it until tomorrow.

"MR. DAVIS: Okay.

"THE COURT: But the—I'm not going back to no 60-day thing.

"MR. DAVIS: No.

"THE COURT: Right.

"MR. DAVIS: I just finished a four-week trial in Orange County and, of course, I will—I'm not ready, but I'm ready.

"THE COURT: All right. We'll see you tomorrow. Issued and held.

"MR. DAVIS: Okay.

"MR. WALMARK [prosecutor]: Are you finding good cause at this juncture regarding—because of the bail issue?

"THE COURT: Well, I haven't—in light—the good cause is he hasn't missed in the past. There is no reason to think otherwise yet. Tomorrow is another day.

"MR. WALMARK: Okay.

"MR. DAVIS: I concur in all respects."

The court's minutes for the day states "the defendant fails to appear, with sufficient excuse." The order further states the case is trailed until the next day and directs the defendant to appear.

The defendant did not appear the next day on April 17, 2001. The court declared bail forfeited and issued a no-bail bench warrant. Notice of bail forfeiture was mailed to Ranger the same day.

On July 30, 2001, Ranger filed a motion to vacate the forfeiture and to exonerate the bond. Ranger argued by failing to declare a forfeiture on the defendant's first nonappearance, the court lost jurisdiction to declare a forfeiture the next day. Judge John S. Fisher denied Ranger's motion on August 29, 2001. Ranger filed a notice of appeal from the court's order.[2]

After the statutory period elapsed to exonerate the bond Judge Dale S. Fischer entered summary judgment against Ranger on the bond. Ranger separately appealed from the judgment.[3]

## DISCUSSION

I. *The Record Reflects the Trial Court Had a Rational Basis for Believing a Sufficient Excuse May Exist for the Defendant's Failure to Appear to Warrant Continuing the Case Until the Next Day Without Declaring a Forfeiture of Bail.*

■  Ranger contends the bond must be exonerated as a matter of law, claiming the trial court lost jurisdiction to declare a forfeiture by failing to do so at the defendant's first nonappearance as required by section 1305, subdivision (a) for declaring forfeiture of a bond.[4] In Ranger's view the defendant's absence was without sufficient excuse because his counsel offered no explanation for his absence, and because counsel had not communicated with his client, could not have had any information regarding the defendant's whereabouts.

■  In reviewing the applicable bail statute we are mindful of the general rules governing the interpretation of bail bond statutes: " ' "The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. Thus, Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh

---

[2]*People v. Ranger Ins. Co.*, B154010.

[3]*County of Los Angeles v. Ranger Ins. Co.*, B160168. Because the criminal and civil appeals both raise the identical legal issues regarding the same bond we agreed to consolidate the two appeals for review at the parties' request.

[4]Section 1305, subdivision (a) provides in pertinent part: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following:

"(1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. . . ."

results of a forfeiture." [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.' . . . Sections 1305 and 1306 are said to be 'jurisdictional prescriptions.' . . . 'Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void. . . .' "[5]

■ Section 1305.1[6] nevertheless allows a court to excuse a bailee's nonappearance at a required hearing if the court believes sufficient excuse exists to do so.[7] Section 1305.1 provides: "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant.

"If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued."

"The theory behind this exception is that '[i]f bail forfeiture is required immediately upon the first nonappearance of a defendant, no matter how valid his reason for nonappearance be, such defendant would be subjected not only to having his bail forfeited but the additional penalty of possibly being required to pay another premium for its reinstatement.' (*People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 202 [127 Cal.Rptr. 451].) Accordingly, the court can continue a hearing and still retain its jurisdiction to

---

[5]*People v. American Contractors Indemnity. Co.* (2001) 91 Cal.App.4th 799, 805 [110 Cal.Rptr.2d 799], citations omitted; see also *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263] (in interpreting statutes involving bail bonds, "[i]t is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction").

[6]The Legislature enacted section 1305.1 in 1993. (Stats. 1993, ch. 524, § 4, p. 2704.) It restates in substance former section 1305, subdivision (b) as amended in 1969.

It also embraces the Supreme Court's observations in *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385], even though the court was interpreting an earlier version of the statute which did not expressly permit the finding of a sufficient excuse to continue the matter without declaring bail forfeited on a defendant's initial nonappearance. In *United Bonding*, the court noted an immediate declaration of forfeiture was not automatically mandated with the defendant's first nonappearance: "The failure to so declare an immediate forfeiture upon the nonappearance of a defendant bailee can be justified only where there is *some rational basis for a belief* at the time of his nonappearance that there exists a *sufficient excuse* therefor." (*Id.* at p. 906, italics added.)

[7]*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 19 [36 Cal.Rptr.2d 807].

declare a forfeiture at a later time as long as it has a reason to believe that a sufficient excuse exists for the nonappearance. (*People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1367 [264 Cal.Rptr. 152].) 'In most situations involving a section 1305, subdivision (b) [now section 1305.1] determination the only reasons before the trial court are the evidence or representations furnished by defendant's counsel. The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations.' (*People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 306 [142 Cal.Rptr. 98].)"[8]

Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis.[9] The determination whether an excuse is sufficient is a matter within the trial court's discretion.[10]

Reasons found insufficient have included justifications for defense counsel's, as distinguished from the defendant's, absence.[11] And of course, silent records provide no grounds to justify continuing a hearing without declaring a forfeiture of bail when the defendant fails to appear.[12]

Sufficient excuses have included representations the defendant wanted to be with his mother who had terminal cancer,[13] representations the defendant had died,[14] representations the defendant was then appearing in another

---

[8]*People v. Ranger Ins. Co., supra*, 31 Cal.App.4th 13, 19.

[9]*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 923 [66 Cal.Rptr.2d 29].

[10]*People v. United Bonding Ins. Co., supra*, 5 Cal.3d 898, 906-907; *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1293 [100 Cal.Rptr.2d 433].

[11]*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 30 [211 Cal.Rptr. 204] (letter to the court explaining defense counsel's father had died indicated counsel was unable to appear, but the letter provided no explanation or excuse why the defendant was absent).

[12]*People v. United Bonding Ins. Co., supra*, 5 Cal.3d 898, 907 (if anything, record suggested the defendant had jumped bail); *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 895-896 [74 Cal.Rptr.2d 316] (although there may have been a valid excuse for the defendant's absence the record was silent regarding any excuse at the time the court continued the matter without declaring bail forfeited); *People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1369 [264 Cal.Rptr. 152] (in camera discussion was not placed on the record, thus record was silent regarding any reason to continue the case without declaring a forfeiture of bail); *People v. Surety Ins. Co.* (1984) 160 Cal.App.3d 963, 969 [206 Cal.Rptr. 836] ("The absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed for defendant's failure to appear or surrender himself.").

[13]*People v. Ranger Ins. Co., supra*, 31 Cal.App.4th 13, 19.

[14]*County of Los Angeles v. Ranger Ins. Co.* (1996) 48 Cal.App.4th 992, 994-996 [56 Cal.Rptr.2d 25].

criminal matter in another jurisdiction,[15] representations the defendant had sought medical treatment for internal bleeding,[16] representations the defendant had been in an automobile accident,[17] and in the case most analogous to the case at bar, defense counsel's statement the defendant's absence may be due to an emergency, but that he might be available the next morning.[18]

In the present case it is true defense counsel had not communicated with the defendant and it is also true counsel did not provide any direct evidence to explain or justify the defendant's absence. However, the test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture. Instead, the statute requires the court only have "reason to believe that sufficient excuse *may* exist for the failure to appear."[19]

The trial court in the present case impliedly agreed with defense counsel the defendant's absence was so unusual something must have happened. The court specifically noted "he hasn't missed in the past. There is no reason to think otherwise yet." Accordingly, in the minute order for the day the court stated the defendant's absence was *with* sufficient excuse. The court's own experience with the defendant's past behavior over a several month period provided a "rational basis" for believing there might be a sufficient excuse for the defendant's absence.[20]

Thus, under section 1305.1 the court had authority and discretion to continue the case for a period it deemed reasonable to enable the defendant to appear without ordering a forfeiture of bail. Accordingly, the court did not lose jurisdiction to later declare a forfeiture of bail when the defendant failed to appear at the continued hearing date.[21]

II. *The Trial Court May Declare Bail Forfeited When the Defendant Fails to Appear on the Continued Date.*

Because the defendant was not present in court on April 16, 2001, Ranger argues he had no actual knowledge the court had continued the case to April

---

[15]*People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258-261 [125 Cal.Rptr. 529].

[16]*People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 199, 201 [127 Cal.Rptr. 451].

[17]*People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 304, 306 [142 Cal.Rptr. 98].

[18]*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 925-926 [66 Cal.Rptr.2d 29].

[19]Section 1305.1, italics added.

[20]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 906.

[21]*People v. Amwest Surety Ins. Co., supra,* 56 Cal.App.4th 915, 925-926.

17, 2001, and by extension, no knowledge he had been ordered to appear on the continued date. Ranger asserts unless the defendant knows he is obliged to appear on a specific date the court lacks jurisdiction to declare a forfeiture of bail for his nonappearance. Ranger's argument in the context of this case lacks merit.

To accept Ranger's argument would require ignoring section 1305.1 and instead require mandating a declaration of forfeiture with the defendant's first nonappearance in every case, even when the defendant had the most valid excuse for his absence. Alternatively, requiring proof the defendant received actual notice of the continued date would also make forfeitures virtually impossible for any defendant who had already jumped bail and deliberately remained incommunicado. Requiring prior actual knowledge of the continued date under section 1305.1 would surely inure to a surety's benefit, but it would also be contrary to the controlling bail forfeiture statute.

In any event, section 1305.1 has no requirement of actual knowledge of the continued date as a prerequisite for a declaration of forfeiture. Instead, section 1305.1 directs, "[i]f, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, *the bail shall be forfeited* and a warrant for the defendant's arrest may be ordered issued."[22] In no doubt every case the defendant is aware he or she has missed a required court appearance. The onus should thus be on the defendant to discover when his or her appearance is next required in order to avoid a forfeiture of bail. Section 1305.1 reflects this view by authorizing the court to declare a forfeiture if the defendant fails to appear on the continued date—without more.[23]

The cases Ranger relies on are inapposite. They do not·stand for the proposition a defendant must have actual notice or knowledge of the continued date as a prerequisite for declaring bail forfeited on a subsequent nonappearance.

In *People v. North Beach Bonding Co.*[24] the appellate court found bail had been declared forfeited prematurely and reversed the judgment against the bonding company. The court reasoned defense counsel's presence in court one and a half hours before the defendant was due to surrender did not provide the court a legitimate opportunity to declare bail forfeited because

---

[22]Italics added.

[23]As Ranger acknowledges elsewhere in its arguments, bail forfeiture proceedings are governed entirely by special statutes, and it further acknowledges these statutes require strict and precise construction. (See, e.g., *People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 907.)

[24]*People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663 [111 Cal.Rptr. 757].

the defendant's presence was not then required. The court stated, "[i]t is absurd to contend that an attorney by appearing without his client an hour and one-half before the latter was directed to appear could place his client in default. The remedy, if the appearance of the defendant was necessary, was to refuse to entertain the motions without the presence of the defendant."[25]

In *People v. Classified Ins. Corp.*[26] forfeiture of bail was unauthorized because the defendant had only missed a nonessential hearing, and in addition, had not even been ordered to appear for that hearing. In *Classified Ins. Corp.* the court declared bail forfeited when defense counsel appeared without the defendant to argue a motion to dismiss under section 995. The appellate court reversed the summary judgment entered against the surety. The court explained, "Hernandez was arraigned on January 20, 1983, and ordered at that time to appear on May 2, 1983, and May 16, 1983. At no time prior to March 25, 1983, was he notified, ordered or directed to appear on March 25, 1983. Absent an order or other actual notification from the court that Hernandez' appearance was required at a given date and time, the failure of Hernandez to appear cannot be grounds for forfeiture of bail under section 1305."[27]

Unlike the situation in *People v. North Beach Bonding Co.*, the trial court in the present case did not prematurely declare bail forfeited at a time before the defendant's presence was required for trial. Also, unlike the situation in *People v. Classified Ins. Corp.*, the trial court in fact had ordered the defendant to appear on the continued trial date. Accordingly, these decisions do not support Ranger's arguments.

### DISPOSITION

The judgment is affirmed. Respondents to recover their costs of appeal.

Perluss, P. J., and Woods, J., concurred.

A petition for a rehearing was denied June 12, 2003, and appellant's petition for review by the Supreme Court was denied August 13, 2003.

---

[25]*People v. North Beach Bonding Co., supra*, 36 Cal.App.3d 663, 669.
[26]*People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162].
[27]*People v. Classified Ins. Corp., supra*, 164 Cal.App.3d 341, 346.