Filed 10/30/13  County of Los Angeles v. Tsuru CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TOSHIO TSURU,<br><br>    Defendant;<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Real Party in Interest and Appellant. | B240647<br><br>(Los Angeles County<br>Super. Ct. No. SJ3725) |

APPEAL from an order and judgment of the Superior Court for the County of Los Angeles.  Mark S. Arnold, Judge.  Affirmed.

E. Alan Nunez for Real Party in Interest and Appellant.

John F. Krattli, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Joanne Nielsen, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## SUMMARY

Financial Casualty & Surety, Inc., the surety on a bail bond, appeals from an order denying its motion to vacate the forfeiture of the bond and to exonerate bail, and from the subsequent entry of summary judgment on the forfeited bond. The surety contends the trial court lost jurisdiction to declare the bond forfeited because it did not do so on the first day the defendant failed to appear, instead ordering the bond forfeited when the defendant failed to appear on the following day.

We conclude the record shows the court had "reason to believe that sufficient excuse may exist for the failure to appear" within the meaning of Penal Code section 1305.1,[1] and therefore the court did not lose jurisdiction to declare the bond forfeited. We affirm the judgment.

## FACTS

The surety posted a bond of $100,000 for the release of defendant Toshio Tsuru from custody on October 27, 2010. On that date, the court granted a defense motion to continue the trial, and ordered the defendant to appear at a pretrial hearing on December 2, 2010.

The defendant appeared on December 2, 2010, and was ordered to appear for jury trial on December 27, 2010. Defendant appeared on December 27. The court granted a defense motion to continue the trial, and set trial for January 3, 2011. Defendant appeared on January 3, and the matter was trailed to January 5, 2011. Defendant appeared on January 5, and the matter was trailed to a readiness conference on January 10, 2011, at 1:30 p.m., and a jury trial on January 11, 2011, at 8:30 a.m.

An official Japanese language court interpreter was present on each date defendant appeared.

On January 10, 2011, the defendant failed to appear for the readiness conference. The minute order issued on that date stated that "[t]he defendant fails to appear, without sufficient excuse . . . ." The transcript of the proceeding, however, shows this (and the minute order was later amended nunc pro tunc to add the same information):

---

[1] All statutory references are to the Penal Code.

2

"THE COURT: The matter is here for readiness conference. The defendant was ordered to be here at 1:30 p.m. It is now 2:00 o'clock. He has failed to appear. This is his first time he has failed to appear. So I'm going to assume that it's a miscommunication of some kind. Consequently, I'm going to hold the bench warrant until tomorrow. Bail will not be forfeited now. [¶] And is it agreed by both sides that tomorrow will be the readiness conference –

"[DEFENSE COUNSEL]: Yes.

"THE COURT: – as seven of ten? And assuming that the defendant shows up, barring something unforeseen, the case will be assigned to a trial court on Wednesday, which is the 12th.

"[DEFENSE COUNSEL]: That's perfect.

"[THE PROSECUTOR]: Yes. [¶] . . . [¶]

"THE COURT: So then the bench warrant is issued but held until tomorrow at 1:30 p.m. to accommodate counsel's schedule. [¶] We'll see you tomorrow."

The defendant did not appear the next day. Defense counsel said, "Your Honor, I've done everything. Even the bond company and I can't locate my client at this time." The court stated: "The bench warrant is issued. No bail. The bond is forfeited. He has failed to appear. It is eight minutes before 2:00 o'clock in the afternoon of January 11th."

On January 13, 2011, the clerk of the court mailed a notice of forfeiture to the surety.

On July 11, 2011, the surety filed a motion to extend the 180-day appearance period (during which, if defendant appears, the court must vacate an order of forfeiture and exonerate the bond). (§ 1305, subd. (c)(1).) Time was ultimately extended to March 10, 2012.

On March 12, 2012, the surety filed a motion to vacate the forfeiture of the bond and exonerate bail, on the ground that the court lost jurisdiction over the bond when it failed to declare a forfeiture on January 10, 2011. The court heard and denied the motion

3

to vacate the forfeiture, and summary judgment was entered against the surety on the bond.  The surety filed a timely appeal.

## DISCUSSION

The statutory provisions governing forfeiture of bail bonds are strictly construed to avoid the harsh results of a forfeiture.  (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 950-951 (*Ranger I*).)  This strict construction is to protect the surety " ' "and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody . . . ." ' "  (*Id.* at p. 951.)  " ' "Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void . . . ." ' "  (*Ibid.*)

Under section 1305, the court "shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" on specified occasions.  (§ 1305, subd. (a).)  However, under section 1305.1, if the defendant "fails to appear . . . when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."  Then, if the defendant "without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited . . . ."  (§ 1305.1.)

There are "sound reasons" for requiring timely declaration of the forfeiture of bail.  (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 (*United Bonding*).)  The surety "must be advised at an early date of the fact of the forfeiture in order that he may institute procedures to locate and compel the appearance of the bailee.  Should the surety not have an early opportunity to institute these endeavors the possibility of discharging the forfeiture will be severely prejudiced . . . ."  (*Ibid.*)

*United Bonding* was decided on facts arising before the bail bond statute was amended to include the provision that is now section 1305.1 – that the court may continue the case if it "has reason to believe that sufficient excuse may exist for the failure to

4

appear . . . ." But the *United Bonding* analysis remains pertinent. (See, e.g., *Ranger I, supra,* 108 Cal.App.4th at p. 951, fn. 6 [section 1305.1 "embraces the Supreme Court's observations in [*United Bonding*]"].) *United Bonding* said:

"How soon a declaration of forfeiture must follow a bailee's failure to appear without the court having exceeded its jurisdiction, is a matter which will depend upon the circumstances in the individual case. . . . [W]hen it conclusively appears that there is no excuse as, for example, when the defendant has fled, the statute compels an immediate declaration. The failure to so declare an immediate forfeiture upon the nonappearance of a defendant bailee can be justified only where there is some rational basis for a belief at the time of his nonappearance that there exists a sufficient excuse therefor. What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge, but it must be manifest that a defendant's failure to appear without explanation is presumptively without sufficient excuse and the burden of rebutting such presumption rests with the defendant's representatives or those who are interested in avoiding a forfeiture." (*United Bonding, supra,* 5 Cal.3d at pp. 906-907.)

A trial court's ruling on a motion to set aside bail forfeiture "will not be disturbed on appeal unless a clear abuse of that discretion appears in the record." (*People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 823 (*Ranger II*).) There is a "clear abuse of discretion" if there is no "rational basis to believe there is a sufficient excuse for the bailee's nonappearance." (*Ibid.*) " 'No rigid rules have been developed' " as to the types of showings that support a rational basis for a trial court's belief, " 'and a case-by-case analysis is always performed. [Citation.]' [Citation.]" (*Id.* at p. 824.) In most cases, " ' "the only reasons before the trial court are the evidence or representations furnished by defendant's counsel," ' " and the cases show that courts " ' "have liberally relied on their representations." [Citation.]' " (*Ranger I, supra,* 108 Cal.App.4th at p. 952.)

The surety contends, relying on *United Bonding*, that "there was no reason or explanation for defendant's absence given that provided a rational basis for a belief that sufficient excuse for absence might exist." The surety characterizes the trial court's

"assumption that 'it's a miscommunication of some kind' " as "sheer conjecture." We do not agree.

This case is very much like *Ranger I, supra,* 108 Cal.App.4th 945. There, the defendant appeared many times over several months, and then failed to appear on a date set for trial. Defense counsel asked for "half a day," stating that defendant had never failed to appear and counsel was "concerned something has happened." (*Id.* at pp. 948-949.) The court said, "the good cause is he hasn't missed in the past. There is no reason to think otherwise yet. Tomorrow is another day." (*Id.* at p. 949.) When the defendant did not appear the following day, the court declared the bail forfeited. (*Id.* at p. 950.)

The appellate court concluded the record reflected a rational basis for the trial court's belief that "sufficient excuse may exist" for the failure to appear. The court rejected the surety's contention that, because counsel had not communicated with his client and could not have had any information about his whereabouts, the absence was without sufficient excuse. (*Ranger I, supra,* 108 Cal.App.4th at p. 950.) While counsel had provided no direct evidence to justify the defendant's absence, "the test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture. Instead, the statute requires the court only have 'reason to believe that sufficient excuse *may* exist for the failure to appear.' " (*Id.* at p. 953.)

Notably, the *Ranger I* court stated: "The [trial] court's own experience with the defendant's past behavior over a several month period provided a 'rational basis' for believing there might be a sufficient excuse for the defendant's absence." (*Ranger I, supra,* 108 Cal.App.4th at p. 953.)

We see no significant distinction between the *Ranger I* case and the circumstances here. The defendant's past behavior led the court to believe there may have been a miscommunication and, as in *Ranger I*, we cannot say there was no rational basis for that belief. Accordingly, as in *Ranger I*, under section 1305.1 the court "had authority and discretion to continue the case for a period it deemed reasonable" – here, one day – "to

6

enable defendant to appear without ordering a forfeiture of bail." (*Ranger I, supra,* 108 Cal.App.4th at p. 953.)

The surety cites several cases where the court lost jurisdiction to declare a forfeiture of bail. None of them supports the contention the trial court here had "no rational basis" for its belief that a sufficient excuse might exist for the failure to appear. In all of them, the record was entirely silent as to any reason for the failure to appear, and there was no suggestion the respective courts had any experience with the defendant's past behavior. (See *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 891-892, 895-896 [rejecting district attorney's "belated explanation for a silent record"; if there was a reason to believe a sufficient excuse existed, the trial court should have put a statement on the record to that effect; the defendant failed to appear on the same day his bail was posted, and bail was declared forfeited almost a month later]; *People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1365-1367 [defendant failed to appear three times before bail was forfeited and there was "no indication on the record" on the first occasion that the court had reason to believe sufficient excuse might exist; the appellate court rejected the county's contention that when the record "does not affirmatively indicate the trial court abused its discretion . . . , we must presume the trial court properly exercised its discretion"]; *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 25 [the trial court had a letter from defense counsel's secretary that counsel's father had died and counsel was out of town, but the trial court said, "there's no reason I'm aware of why the Defendant should not be here to hear whatever action the Court desired to take"; nonetheless, the trial court did not forfeit the bail until 25 days later];[2] *People v. Surety Ins. Co.* (1984) 160 Cal.App.3d 963, 965, 969 [defense counsel asked the court to hold the bench warrant for a few days, and "I will endeavor to have [the defendant]

---

[2]     The district attorney argued it was possible "that the defendant's nonappearance might have been caused because of unknown communication between the defendant and the defendant's attorney or the attorney's secretary," but the Court of Appeal found "nothing in the secretary's letter or the court's language or minutes supports such speculation. The test is not mere *possibility* of sufficient excuse, but some rational basis for belief of sufficient excuse." (*People v. Surety Ins. Co., supra,* 165 Cal.App.3d at p. 28.)

brought in"; minute order stated " 'defendant fails to appear *without sufficient excuse.* B.W. [bench warrant] ordered issued and held until [four days later]' "; "[t]he absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed for defendant's failure to appear"].)

None of these cases persuades us that the trial court in this case abused its discretion in refusing to vacate the forfeiture of the bond. In all of them, the record was simply silent on any excuse for the failure to appear. Here it is not. The trial court stated it was not forfeiting the bail because it was the first time defendant failed to appear and the court presumed there had been a miscommunication. Those reasons were not irrational in light of the defendant's past repeated appearances, and the need for a Japanese language interpreter. The surety argues that if "no reason or explanation is given by someone on behalf of the defendant to explain his absence, the record is necessarily silent." But *Ranger I* tells us otherwise: the court's own experience with the defendant's past behavior may provide "a 'rational basis' for believing there might be a sufficient excuse for the defendant's absence." (*Ranger I, supra,* 108 Cal.App.4th at p. 953.) So it is here.

## DISPOSITION

The judgment is affirmed. The County of Los Angeles is to recover its costs on appeal.


GRIMES, J.

We concur:


BIGELOW, P. J.


RUBIN, J.

8