Filed 11/16/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BANKERS INSURANCE COMPANY,<br><br>        Defendant and Appellant. | A157152<br><br>(San Mateo County<br>Super. Ct. Nos. 19CIV00429;<br>NF-007420-A) |

Bankers Insurance Company (Bankers), the surety on a bail bond, appeals an order denying its motion to set aside a forfeiture of the bond declared after the defendant failed to appear for trial, and to vacate an ensuing summary judgment on the bond. Bankers contends the judgment is void because the court lost jurisdiction when it failed to declare a forfeiture on two prior occasions when the defendant failed to appear at pretrial hearings. We conclude that the court implicitly found a sufficient excuse for defendant's absence at those hearings, so that it retained jurisdiction and properly forfeited the bond when the defendant failed to appear for trial.

**Factual and Procedural History**

In May 2017, Bankers's agent All Pro Bail Bonds posted a bond for the release of defendant Rami Al-Zetawi, who was in custody on felony animal-cruelty charges. Defendant did not execute a waiver pursuant to Penal Code[1] section 977, subdivision (b)(1) of his right to personally attend all proceedings in the case. Defendant personally appeared at nine proceedings between his initial June 2017 arraignment and his

---

[1] All statutory references are to the Penal Code.

arraignment on a new information on February 22, 2018. At each of those proceedings the court ordered him to return for the next calendared hearing.

At the February 22 arraignment, the court scheduled the case for trial on June 4, 2018. On March 8, defendant filed a motion to continue the trial and he appeared at the March 13 hearing on that motion. The record does not include a copy of the moving papers or a transcript of the March 13 hearing. However, comments at ensuing hearings indicate that the motion was based on the defendant's plan to travel to Jordan for surgery and that the court denied the motion to continue the trial but continued the pretrial conference to March 20, and ordered defendant to appear. At the March 20 conference, the last proceeding at which defendant appeared, the court ordered him "to return to court on June 4th at 8:30."

On May 29, defendant's attorney appeared for a hearing on a request by the People to release certain records that had been produced pursuant to a subpoena. The docket does not reflect a written motion. At the outset of the short hearing, defense counsel stated, "Naresh Rajan appearing for [defendant]. He wasn't ordered to be here. I am appearing [pursuant to section] 977. I have no objection to the release of the records . . . ." After ordering the records released, the court stated, "He was not ordered to be here today. It's on for trial June 4th at 8:30."

On May 31, defendant filed a motion to continue the June 4 trial date, setting it for hearing on Friday, June 1. Defendant did not appear on June 1. His attorney told the court that "although [he] was supposed to come back to the United States yesterday, [he] was detained in Jordan because of medical issues . . . he had one surgery and . . . his medical treatment team apparently thinks that he requires another." Acknowledging that he had not yet "received any confirmatory medical information," defense counsel asked the court to vacate the June 4 trial date. The prosecutor stated that he "underst[ood] the defendant was not ordered to be here today" but opposed a continuance.

The court denied the requested continuance, explaining: "At the last appearance, this was brought to my attention that he wanted to leave the country. And I had indicated to both sides that should he choose to do that and not be here for his trial, . . . a warrant

was going to issue. [¶] So he wasn't ordered to be here today. I am going to leave [the trial date] on Monday [June 4]. If he is not here Monday, then that resolves the issue." Defense counsel interjected that he "hop[ed] to have some medical documentation," and the court replied, "Any documentation. I don't know where he is. [¶] . . . [¶] I don't have anything other than what he indicated, though which he could be anywhere and just saying that." The court ended the hearing by saying, "we will see where he is on Monday."

On Monday, June 4, defendant did not appear. Finding that he had "fled the country," the court ordered bail forfeited and issued a bench warrant. The clerk notified Bankers of the forfeiture. The court subsequently denied Bankers's motions to toll or extend the six-month bail-forfeiture period to secure defendant's appearance (§§ 1305, subd. (e), 1305.4). In January 2019, the court issued summary judgment on the bond.

Bankers moved to vacate the summary judgment, set aside the forfeiture of the bond, and exonerate bail. Bankers contended that the court lost jurisdiction of the bond when the defendant failed to appear as required on May 29 and June 1 and the court neither declared a forfeiture of the bail nor found sufficient excuse for his absences. The People opposed, arguing that defendant had not been legally required to appear for the May 29 or June 1 hearings. The motion was heard in a civil department and denied on the ground that at "neither of the two [proceedings] in between the [March 20] pretrial conference and the June 4 jury trial date was the defendant's appearance required legally, . . . nor was he ordered to appear." Bankers filed a timely notice of appeal.

## Discussion

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).) As the Supreme Court highlighted in *Safety National*, subdivision (a) of section 1305 provides that a court " 'shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) *Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required*.

3

[¶] (5) To surrender himself or herself in execution of the judgment after appeal.' . . . These two jurisdictional prerequisites—specifically, the defendant's failure to appear at an enumerated proceeding or on another occasion as 'lawfully required,' and the lack of a sufficient excuse for the defendant's nonappearance—must be met before the trial court may declare a forfeiture. [Citation.] If the court fails to declare a forfeiture at the time of the defendant's unexcused absence, it is without jurisdiction to do so later. [Citations.] However, the trial court may continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it 'has reason to believe that sufficient excuse may exist' for the defendant's failure to appear." (*Safety National,* at pp. 709–710, citing § 1305.1.)

Section 977 provides that in a felony case the defendant must attend the arraignment, the plea, the preliminary hearing, those portions of the trial in which evidence is taken, and the imposition of sentence. (§ 977, subd. (b)(1).) In addition, the defendant "shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present." (*Ibid.*) As noted above, the defendant in this case did not execute such a waiver.

In *Safety National*, *supra*, 62 Cal.4th at page 716, our Supreme Court held that, "for purposes of section 1305, a defendant's presence at an 'other proceeding[]' under section 977[, subdivision] (b)(1) constitutes a 'lawfully required' appearance for which his or her unexcused absence may justify the forfeiture of bail." The "broadly phrased" statutory term "all other proceedings" does not "distinguish between critical and noncritical proceedings"; instead, its "reach is inclusive, i.e., subsuming those court proceedings not specifically listed in section 977." (*Safety National*, at p. 712.) While section 977 does not expressly define the term "all other proceedings," context makes clear that it encompasses all "case-related proceedings that occur in open court," though it does not encompass "sidebars at the bench or conferences in chambers, i.e., those proceedings that do not occur in open court and that are often impromptu and unscheduled." (*Id.* at p. 716.)

4

In a decision rendered after the order now at issue, the Sixth Appellate District applied the rule of *Safety National* to hold that a hearing on a request to release documents produced under subpoena—such as the May 29 hearing in this case—constitutes an "other proceeding" under section 977, subdivision (b)(1). (*People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 793–795.) Accordingly, if a felony defendant fails to appear at such a hearing, the court must either find a sufficient excuse for the nonappearance or declare a forfeiture of the bail. (*Ibid.*)

The People here do not dispute that, absent sufficient excuse, defendant was required to appear at the May 29 and June 1 hearings.[2] Although the issue was not explicitly addressed in the civil department proceedings on Bankers's motion, the Attorney General argues that the judge in the criminal case implicitly found that defendant had a sufficient excuse for not appearing at those hearings. We agree. Although the failure to advise a felony defendant of his obligation to attend a particular hearing does not mean that the hearing is not an "other proceeding" within the meaning of section 977 at which the defendant must appear, the court in *Safety National* explained that " '[t]here is no danger the section would be used unfairly against a defendant who was ignorant of the court date because section 1305 only allows bail forfeiture if the defendant fails to appear "without sufficient excuse." ' " (*Safety National*, 62 Cal.4th at p. 717.)

---

[2] Nonetheless, we note that the question is not free from doubt. In *The North River Insurance Co.,* the matter was heard on a properly noticed motion served by mail on defense counsel. (*People v. The North River Ins. Co.*, *supra*, 37 Cal.App.5th at p. 789.) Here, the record contains no written notice of the May 29 hearing, and a declaration by defense counsel states, "Based on my communication with the District Attorney's office I appeared on May 29, 2018 for release of subpoenaed medical records. Mr. Al-Zetawi was neither ordered to be there, nor was his presence in court on that date necessary for any substantive proceedings. The parties scheduled this court date without notice to Mr. Al-Zetawi or any expectation that he would appear." We need not decide here whether the informally scheduled May 29 hearing, or the hearing at which defense counsel requested a continuance because the defendant remained out of the country, were "other proceedings" that the defendant was obligated to attend since we decide the matter on other grounds.

While the judge presiding over the criminal proceedings did not state explicitly that she considered defendant's non-attendance at the May 29 and June 1 hearings to be sufficiently excused, the court clearly considered the failure to have ordered the defendant to be present to provide such an excuse. At the very short May 29 hearing, defense counsel stated "[h]e wasn't ordered to be here" and the court later repeated, "He was not ordered to be here today. It's on for trial June 4th at 8:30." Similarly, at the June 1 hearing, the prosecutor advised the court that he "underst[ood] the defendant was not ordered to be here today," and in denying the requested trial continuance the court stated, "So he wasn't ordered to be here today. I am going to leave it on Monday. If he is not here Monday, then that resolves the issue," later adding, "we will see where he is on Monday."

Citing *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953, the People contend that a finding of sufficient excuse may be implicit and that the court's comments about defendant not having been ordered to appear imply such a finding. Bankers does not dispute that such a finding may be implicit, but argues that "a record silent as to the trial court's reasons for believing there may be justification for a defendant's nonappearance will not support the court's continuance of the matter." (*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 895, citing *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907; *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 27–28.) Here, as just indicated, the record is not silent. The fact that defendant was not ordered to attend either hearing appears in the record without dispute and was stated by the court on both occasions as the reason for proceeding in defendant's absence without incident.

Bankers's speculation that the court was unaware of the rule of *Safety National* founders on the "basic presumption indulged in by reviewing courts that the trial court . . . kn[ew] and applied the correct statutory and case law in the exercise of its official duties." (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Nothing in the record indicates that the judge who excused defendant's absence on May 29 and June 1 was unaware of the rule clearly set forth two years earlier in *Safety National.* The court did

6

not order a forfeiture and its statements that defendant "was not ordered to appear" explained why defendant's absence was excused.

"The determination whether an excuse is sufficient is a matter within the trial court's discretion." (*People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 952.) Here, the defendant appeared at the first eleven proceedings at which he was required to appear. When the court admonished defendant on March 20 that he was required to appear on June 4, neither the May 29 nor the June 1 hearings had been calendared. Both were subsequently calendared in his absence, and he was not ordered to appear. Nothing suggests that defendant was ever advised of the need to appear at either hearing. The court did not abuse its discretion in regarding his failure to appear at those hearings for that reason to be excused.

Accordingly, the court did not err in denying Bankers's motion to set aside the forfeiture ordered on June 4 and to vacate the ensuing summary judgment.

### Disposition

The order is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

7

Trial court:                                San Mateo County Superior Court

Trial judge:                                Honorable Jeffrey Finigan

Counsel for Appellant:                      LAW OFFICE OF JOHN RORABAUGH
                                            John Mark Rorabaugh
                                            Crystal L. Rorabaugh

Counsel for Respondent:                     JOHN C. BEIERS, COUNTY COUNSEL
                                            Joseph F. Charles, Deputy

A157152