Filed 10/15/25  P. v. The North River Insurance Co. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101457 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE019054) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY et al., | |
| Defendants and Appellants. | |

The North River Insurance Company and their agent Bad Boys Bail Bonds (collectively, North River) appeal from the trial court's order denying their motion to vacate forfeiture of a bond and the court's subsequent judgment entered against them. North River contends the court lost jurisdiction over the bond when the court failed to declare forfeiture at a hearing in which defendant failed to appear without sufficient excuse.  We agree and reverse.

## I.  BACKGROUND

On October 18, 2021, defendant Michael Barker failed to appear at his arraignment.  The trial court ordered a bench warrant and set bail at $10,500.  North River subsequently posted a bond in this amount.

1

Defendant appeared through counsel at the court hearing on June 10, 2022, and in person at court hearings on July 19, 2022, August 16, 2022, September 13, 2022, and October 18, 2022.  At the October 18 hearing, defense counsel requested December 14 for the preliminary hearing.  The trial court proposed they set it for "the week before." Defense counsel responded, "That will be in the middle of some other stuff."  The preliminary hearing was ultimately set for December 14.  The court told defendant, "You are ordered to personally appear there."

Defendant failed to appear at the preliminary hearing on December 14.  Defense counsel stated his appearance and said nothing else.  The trial court stated:  "The matter is on for preliminary hearing this morning.  Mr. Barker is not present.  It's indicated that he is out on bail of 10,500.  That bail was posted.  He was to be here this morning.  He is not here.  We cannot proceed.  [¶]  The Court will go ahead and issue a bench warrant for Mr. Barker on his failure to appear, $50,000 on the bail.  The Court will go ahead and hold that in the hopes of getting him back here."  The court continued the preliminary hearing to January 17, 2023, and stayed the bench warrant until then.

On January 17, defendant failed to appear again and his bail bond was declared forfeited.  North River moved to vacate the forfeiture and exonerate the bond.  North River argued, among other things, that the trial court lost jurisdiction over the bond when the court failed to declare forfeiture after defendant failed to appear without sufficient excuse for the December 14 preliminary hearing.  The court denied the motion, explaining that the court "could well have made the inference that based on the fact that Mr. Barker had previously failed to appear but then c[a]me to court and then failed to appear again, that there was a reasonable opportunity to try and get Mr. Barker back to court."  The court entered summary judgment for the bond amount.

North River timely appealed from the order denying its motion to vacate the forfeiture and from the summary judgment.

## II. DISCUSSION

North River contends the trial court erred in denying its motion to vacate the bond forfeiture and entering summary judgment against it.  In its view, the court lost jurisdiction over the bond when it failed to declare the bond forfeited at the December 14 hearing.  North River is correct.

"A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" at any "occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required."  (Pen. Code,[1] § 1305, subd. (a)(1); see also *People v. The North River Ins. Co.* (2025) 18 Cal.5th 1, 8.)  But if "the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear."  (§ 1305.1.)  "If the court has no information that a sufficient excuse may exist so as to justify a continuance pursuant to section 1305.1, the court must declare a forfeiture.  If the court fails to do so, it loses jurisdiction and the bond is exonerated by operation of law.  [Citations.]  The court does not have jurisdiction to declare a forfeiture later."  (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 49.)

"The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript."  (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 478.)  " ' "In most situations . . . the only reasons before the trial court are the evidence or representations furnished by defendant's counsel.  The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." ' "  (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952.)  "Even vague representations by counsel have been found

---

[1]  Undesignated statutory references are to the Penal Code.

sufficient—i.e., where a defendant had never previously failed to appear and defense counsel was ' "concerned something has happened." ' " (*Bankers Ins. Co.*, at p. 480.) "What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge, but . . . a defendant's failure to appear without explanation is presumptively without sufficient excuse." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906-907.)

Moreover, "if the record is *silent* concerning the trial court's reasons for continuing the matter and for not immediately declaring forfeiture of bail, a reviewing court must 'conclude that [the] nonappearance was without sufficient excuse.' " (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 717; see also *People v. Bankers Ins. Co.*, *supra*, 69 Cal.App.5th at p. 480 ["[W]here the record is 'silent' regarding whether there may be sufficient excuse, the trial court is obligated to declare a forfeiture"].)

"Generally, we review an order resolving a motion to vacate a bond forfeiture under an abuse of discretion standard, 'subject to constraints imposed by the bail statutory scheme.' [Citation.] 'As the Supreme Court has noted, however, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' [Citation.] '[W]here . . . the facts are uncontested, and the issue concerns a pure question of law, we review the decision de novo.' [Citations.] Moreover ' "[w]hen a statute requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." ' " (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.)

Here, we are confronted with a silent record. Neither defense counsel nor the trial court made any representation as to why defendant did not appear or even offered a

possible explanation for his absence. There is thus no basis from which we can infer an implied finding of a sufficient excuse. Accordingly, the court was required to declare the bond forfeited at the December 14 hearing and was without jurisdiction to do so later at the January 17 hearing. (See *People v. American Surety Co.* (2025) 112 Cal.App.5th 71, 76 [The defendant "here knew about the July 19 date but failed to appear. No excuse was offered for his nonappearance. . . . The court acted without jurisdiction when it subsequently forfeited bail upon the defendant's failure to appear on August 29"]; *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 798.)

Resisting this conclusion, the People insist the record discloses a sufficient excuse. They first point to defense counsel's statement at the October 18 hearing that the week prior to December 14 did not work for the preliminary hearing because "[t]hat will be in the middle of some other stuff." We fail to see how this vague statement by *defense counsel* concerning *the week prior* to December 14 is a sufficient excuse for why *defendant* failed to appear on December 14.

Next, the People submit that a sufficient excuse can be inferred from defendant's attendance at the hearings preceding the preliminary hearing. In support, they cite *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at page 945. There, at the hearing in which the defendant failed to appear, defense counsel told the trial court defendant had "never failed to appear in any proceeding ever. He is usually here early. All I'm asking is that if you issue a bench warrant give me half a day. I can tell you that I tried calling every number I know. [¶] . . . I'm concerned something has happened." (*Id.* at pp. 948-949.) The trial court responded, regarding the bail issue, "the good cause is he hasn't missed in the past." (*Id.* at p. 949.) The appellate court held the trial court "did not lose jurisdiction to later declare a forfeiture of bail" because the court had reason to believe that sufficient excuse may exist for the failure to appear. (*Id.* at p. 953.) *Ranger* is inapposite because in the present case, as discussed, the record is silent as to any possible explanation for why defendant did not attend the preliminary hearing. Defense counsel made no

representation as to defendant's reliability based on past experiences. It also bears mention that, unlike the defendant in *Ranger* who had purportedly "never failed to appear in any proceeding ever," defendant in this case missed his arraignment.

North River also argues the length of the trial court's continuance was not "reasonable to enable the defendant to appear" under section 1305.1. Having already concluded that the court had to declare the bond forfeited at the December 14 hearing, we need not consider this alternate argument for why the trial court lost jurisdiction over the bond. (Cf. *Garretson v. Harold I. Miller* (2002) 99 Cal.App.4th 563, 575.)

## III. DISPOSITION

The order denying the motion to vacate forfeiture and the summary judgment entered against North River are reversed. The case is remanded for the trial court to enter an order granting the motion to vacate forfeiture. North River is to recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_/s/_____
WISEMAN, J.[*]

We concur:

_/s/_____
KRAUSE, Acting P. J.

_/s/_____
MESIWALA, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.