Filed 11/21/25  P. v. The North River Insurance Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER INSURANCE CO.<br>et al.,<br><br>    Defendants and Appellants. | H051934<br>(Santa Clara County<br> Super. Ct. No. C2202663) |

Defendants The North River Insurance Company and Bad Boys Bail Bonds (collectively "North River") issued a bail bond on behalf of Juan Carlos Gonzalez. Gonzalez later failed to appear at a plea hearing with no excuse, and his defense counsel's call to Gonzalez's phone had gone to voicemail.  The trial court did not forfeit the bail bond, and it continued the case for 41 days.  The bail bond was forfeited at the continued hearing when Gonzalez failed to appear a second time.  North River moved unsuccessfully to vacate the forfeiture.

North River argues on appeal that the trial court should have vacated the forfeiture because there was no sufficient excuse to continue the bail bond and, alternatively, that the length of the continuance was unreasonable.  We will reverse the decision, finding a 41-day continuance unreasonable on these facts.

## I.    TRIAL COURT PROCEEDINGS

Gonzalez was charged in March 2022 with possessing a firearm as a felon (Pen. Code, § 29800, subd. (a)(1)) and carrying a loaded firearm (Pen. Code, § 25850,

subd. (a)). North River issued a $50,000 bail bond for Gonzalez that same month. Gonzalez appeared at two hearings after being released on bail, in April and July 2022. With Gonzalez present, his defense counsel requested an eight-week continuance at the July 2022 change of plea hearing "to obtain some additional information from my client, some mitigation."

Gonzalez failed to appear at the continued plea hearing in August 2022. Defense counsel stated: "Gonzalez is not present today. I know he was present at the last court date, and I believe the previous court date as well. I do have a good phone number for him. I called it. Unfortunately, it went straight to voice mail. I'm wondering if the Court will stay a warrant." The court asked if counsel had "an address for him," and counsel confirmed that "we do." The court continued the hearing for approximately six weeks without forfeiting the bail bond or issuing a bench warrant.

Gonzalez again failed to appear at the next hearing in October 2022. The trial court forfeited the bail bond and issued a bench warrant. North River moved to vacate the bond forfeiture, arguing that the trial court had lost jurisdiction over the bond by failing to forfeit it when Gonzalez failed to appear without sufficient excuse at the August 2022 hearing. The trial court denied the motion by written order, finding that defense counsel "provided a sufficient excuse for why [Gonzalez] was not present and was unlikely to skip court again." The court stated "there was a sufficient (albeit implied) excuse for the trial court not to forfeit bail" and concluded the length of the continuance was reasonable. Summary judgment on the forfeiture was entered the next month, and this appeal followed.

## II. DISCUSSION

"A court shall in open court declare forfeited" a bail bond if, without sufficient excuse, a defendant fails to appear at a hearing where the defendant's presence is lawfully required. (Pen. Code, § 1305, subd. (a).) A "defendant's failure to appear without explanation is presumptively without sufficient excuse and the burden of

2

rebutting such presumption rests with the defendant's representatives or those who are interested in avoiding a forfeiture." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907.) The trial court "may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture" if the trial court "has reason to believe that sufficient excuse may exist for the failure to appear." (Pen. Code, § 1305.1.) Timely forfeiture is crucial to allow a surety to "institute procedures to locate and compel the appearance of the bailee." (*People v. United Bonding Ins. Co.*, at p. 906.) A trial court's "failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture." (*Id.* at p. 907.)

The People do not contest that Gonzalez's presence was lawfully required at the August 2022 change of plea hearing. (See Pen. Code, § 977, subd. (b)(1) [felony "accused shall be personally present ... at the time of plea"].) And Gonzalez's trial counsel did not provide an excuse for his failure to appear: counsel merely represented that her call to Gonzalez's number went straight to voice mail. This case is similar to *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, where a different panel of this court found insufficient basis for not forfeiting a bond upon a failure to appear despite the defendant having appeared at two previous hearings. (*Id.* at pp. 789, 798.) By contrast, this case does not resemble *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 948–949 (*Ranger Ins. Co.*), where the criminal defendant had consistently appeared at the eight hearings preceding his failure to appear.

Even if we assume the trial court had reason to believe a sufficient excuse existed, the 41-day continuance was unreasonable on this record. Gonzalez's trial counsel provided no excuse for his failure to appear; counsel simply confirmed she had a "good number" and "an address" for him. A trial court could have reasonably granted a very short continuance in that situation to allow Gonzalez's trial counsel or the surety to locate

him, which would thereby "enable [Gonzalez] to appear." (Pen. Code, § 1305.1; e.g., *Ranger Ins.*, *supra*, 108 Cal.App.4th at p. 953 [finding a one-day continuance was reasonable for a criminal defendant who had appeared at eight previous hearings].) But continuing the matter for nearly six weeks without any affirmative reason offered for the failure to appear was unreasonable on these facts.

Our decision should not be interpreted as a blanket determination that a continuance of this length is always unreasonable. "Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis." (*Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 952.) We merely conclude that the trial court abused its discretion by postponing forfeiture and granting a 41-day continuance under the scant record here. Cases cited by the People in which similarly lengthy continuances were found reasonable are factually distinguishable, given the history and justification developed in those matters. (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 17, 20 [44-day continuance found reasonable based on representation by counsel (supported by a doctor's note) that the criminal defendant's mother had terminal cancer]; *People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 304, 306 [28-day continuance found reasonable based on "several items in the record," including that the probation department had requested the continuance and that counsel impliedly represented that the criminal defendant "would have been present unless he had an excuse because he had reported to the probation department"].)

On this record we conclude the trial court was obligated to declare a forfeiture of the bail bond when Gonzalez first failed to appear at the August 2022 hearing without sufficient excuse. Having failed to do so, the bond was exonerated as a matter of law and the trial court's purported forfeiture of the bond at the October 2022 hearing was in excess of its jurisdiction.

4

## III.   DISPOSITION

The summary judgment and the order denying North River's motion to vacate forfeiture are reversed.  The matter is remanded with instructions to vacate the forfeiture and exonerate the undertaking.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H051934
*The People v. The North River Insurance Co. et al.*